**UNITED STATES of America,**
**Appellee,**

v.

**Michael Angelo VARGAS, Appellant.**

**No. 01–3049.**

United States Court of Appeals,
District of Columbia Circuit.

May 1, 2002.

Rehearing and Rehearing En Banc
Denied July 5, 2002.

Before GINSBURG, Chief Judge, and HENDERSON, and ROGERS, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by counsel. Michael Vargas seeks reversal of the district court's March 22, 2001 order denying his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. In his motion, Vargas asserts that his trial counsel rendered ineffective assistance under the Sixth Amendment standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in failing, *inter alia,* (1) to prepare him to testify at trial and (2) to secure a surveillance videotape from the

McDonald's restaurant at which he (according to the jury) attacked a federal witness in December 1996. *See* Br. of Appellant at 11–17. Vargas also alleges that his appellate counsel was ineffective in failing to argue that, under the Double Jeopardy Clause, he cannot be convicted of and sentenced for violating (1) both 18 U.S.C. § 1513(a)(1) (obstructing justice in assaulting with intent to kill federal witness) and D.C.Code §§ 22–501, –3202 (1981) (assault with intent to kill while armed) and (2) both 18 U.S.C. § 924(c)(1)(A) (using and carrying firearm during crime of violence) and D.C.Code § 22–3204(b) (1981) (possessing firearm while committing crime of violence or dangerous offense). *See, e.g.,* Reply Br. of Appellant at 1, 12–13.

■■■ The district court correctly found that Vargas's first claim–that counsel did not adequately prepare him to testify–is foreclosed by our holding on direct appeal that he knowingly and intelligently *waived* his right to testify. *See* App. of Appellant, Tab D, at 2 (memorandum opinion) (citing *United States v. Vargas*, No. 97–3105, 1998 WL 886992, at *1 (D.C.Cir. Dec.1, 1998)). Moreover, even if trial counsel's representation *had* fallen below professional norms in preparing Vargas to testify (which it did not), Vargas would not be able to satisfy the second prong of *Strickland*, i.e., that "it is reasonably probable that [his] testimony would have changed the outcome ... in his favor," *United States v. Tavares*, 100 F.3d 995, 998 (D.C.Cir.1996), *cert. denied*, 520 U.S. 1160, 117 S.Ct. 1344, 137 L.Ed.2d 502 (1997). As the government points out, his testimony "would have been largely cumulative of what was already before the jury," Br. of Appellee at 25, and, in any event, the evidence against him was overwhelming. Additionally, Vargas's claim as to the McDonald's videotape borders on frivolous; he cites no evidence calling into question the district court's conclusion that counsel made reasonable efforts to find it. *See* Br. of Appellant at 18. Nor does he explain (much less establish) how the tape "would have changed the outcome ... in his favor." *Tavares*, 100 F.3d at 998.

■■■ Vargas's contention that his appellate counsel rendered ineffective assistance in failing to challenge his convictions on double jeopardy grounds fares no better. Our decision in *United States v. McLaughlin*, 164 F.3d 1 (D.C.Cir.1998), *cert. denied*, 526 U.S. 1079, 119 S.Ct. 1485, 143 L.Ed.2d 567 (1999), supports the proposition that each of the United States and D.C.Code provisions at issue "requires proof of a fact [that] the other does not." *McLaughlin*, 164 F.3d at 8, 10–13 (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). Counsel, therefore, did not fall below professional norms in not pursuing the double jeopardy issue on direct appeal. Accordingly, it is

ORDERED that the judgment from which this appeal has been taken be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).